IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JACQUELINE DOE,

    Plaintiff,

v.                            Civil Action No. 3:20cv669

RAWLS LAW GROUP, P.C.,
et al.,

    Defendants.

### MEMORANDUM OPINION

This matter is before the Court on the MOTION TO DISMISS (ECF No. 48) filed by the Rawls Law Group, P.C. ("RLG") and Brewster S. Rawls ("Rawls").   Having reviewed the motion, the supporting, opposing, and reply memoranda (ECF Nos. 49, 54, and 55), and having studied the COMPLAINT FOR DAMAGES ("Complaint") (ECF No. 1) and its exhibits, the Court concludes that the MOTION TO DISMISS will be granted and that plaintiff will be permitted to file an Amended Complaint.

### BACKGROUND

Jacqueline Doe is a veteran of the United States Army who suffers from Post-Traumatic Stress Disorder ("PTSD") that is the result of a rape she suffered while she was based in Houston, Texas in 1989.   ECF No. 1 ¶ 4.   Since then, Doe has been on a variety of psychotropic medications, has suffered from ongoing psychiatric

illness, was homeless, and was suffering from substance abuse addiction.   In March 2015, Doe entered into the Domiciliary Residential Rehabilitation Treatment Program ("DRRTP") operated by the Veteran's Administration ("VA") at the Los Angeles VA Medical Center.   DRRTP offers residential clinical care for veterans with issues related to mental health, substance abuse, PTSD, and homelessness.

From March 2015 to May 2016, Doe resided at DRRTP and received regular treatment there.   A VA social worker, Michelle Foreman, acted as one of Doe's therapists while she was being treated at DRRTP.   As a result of treatment at DRRTP, Doe improved.

On May 3, 2016, Foreman determined that Doe had relapsed to drug addiction.   On May 6, 2016, Doe was discharged from the DRRTP. For a period of time thereafter, Doe lived in a motel.

After Doe was discharged from DRRTP, Foreman visited her at the motel and advised Doe that she was sexually attracted to her. It was then that the sexual relationship began between Foreman and Doe.   The two had sex several times a week, including once at an office on the VA campus.   The relationship continued through August 2016.   During this time, Foreman applied on Doe's behalf for membership in a housing program called the Billets.   Veterans could stay for up to six months.   And, Foreman enrolled Doe in the VA outpatient program in downtown Los Angeles.   On August 29,

2016, Doe advised Foreman that the relationship should end.
Foreman became incensed and threatened Doe with physical harm.
Doe reported Foreman to VA officials and on September 9, 2016, the
VA began an internal investigation which resulted in a report
substantiating the allegations that Doe made against Foreman and
others at the VA.

On February 10, 2017, Doe submitted a Federal Tort Claim,
"CLAIM FOR DAMAGE, INJURY OR DEATH." Ex. 2, ECF No. 1.   Therein,
she described the basis of her claim as follows:

> SEXUAL EXPLOITATION/BATTERY
> FAILURE TO PROVIDE PROPER CARE

Doe attached a four page, single-spaced memorandum detailing her
claims.   When asked in the form to describe the nature and extent
of her injuries, she replied:

> SEXUAL EXPLOITATION/BATTERY
> EMOTION/MENTAL ANGUISH
> PAIN AND SUFFERING

On September 8, 2017, Doe retained RLG and Rawls to represent
her in a federal tort claim against the VA.   That claim was said
to arise out of Doe's interactions with Foreman.   On September 27,
2017, RLG acting through Rachel P. Maryan ("Maryan"), an associate
in the firm, communicated with the Office of Chief Legal Counsel
for the VA that Doe's claims could be settled for $200,000.00
(rather than the $125,000.00 offer that the VA then had on the
table).   See Exs. 4 and 5, ECF No. 1.   It is alleged that both

3

Rawls and Maryan advised Doe that, "because of the $250,000 California cap on damages her case settled for $200,000, just below the cap." ECF No. 1 ¶ 34.

In December 2019, Doe learned about a very large verdict in California that was produced by circumstances not unlike those which Doe had experienced. She spoke with the lawyer (David Feldman) who had represented the plaintiffs in that case. Feldman advised that there were certain claims that were available to Doe that would not have had any cap on damages, including Dependent Adult Abuse (Welf. & inst. § 15610.57), Sexual Harassment by a Professional (Civil Code § 51.9), Infliction of Emotional Distress (Xue Lu v. Powell), and Interference with the Civil Rights (Civil Code § 52.1).

In paragraph 1, the Complaint says: "[t]his case arises from a highly-prejudicial error by a Virginia litigation firm - Rawls Law Group, PC ("RLG") - its named partner Brewster S. Rawls ("Rawls") and his former associate Rachel P. Maryan ("Maryan")."[1] The Complaint asserts three claims for relief which are denominated as numbered "CAUSES OF ACTION," not "COUNTS," as is more usual in federal courts in Virginia. In the FIRST CAUSE OF ACTION, the Complaint alleges that defendants:

---

[1] Maryan is not a named defendant.

4

> were professionally negligent in <u>not making</u>
> <u>and advancing the obvious meritorious claims</u>
> <u>that employees of the United States of America</u>
> <u>neglected and abused Plaintiff under</u>
> <u>California Welf. & Inst. Code § 15610.57</u>
> <u>(protect from health and safety hazards),</u>
> <u>violation of California Civil Code § 51.9</u>
> <u>(sexual harassment in professional</u>
> <u>relationships), infliction of emotional</u>
> <u>distress (Xue v. Powell, 621 F.3d 944 (9th</u>
> <u>Cir. 2010) and violation of California Civil</u>
> <u>Code § 52.1 (interference with Civil Rights)</u>.

ECF No. 1 at 18 (emphasis added). In the SECOND CAUSE OF ACTION, the Complaint asserts, for exactly the same reasons, a claim for breach of contract, reciting the underscored text as the breach of contract. In its THIRD CAUSE OF ACTION, the Complaint asserts a claim for alleged breach of fiduciary duty, reciting the underscored text as the breach of fiduciary duty.

### DISCUSSION

The MOTION TO DISMISS is brought under Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) "tests the sufficiency of a complaint." <u>Columbia v. Haley</u>, 738 F.3d 107, 116 (4th Cir. 2013). To survive a motion to dismiss, the factual allegations set forth in the complaint must be sufficient to "'to raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.'" <u>Id.</u> (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). "A claim is 'plausible on its face,' if a plaintiff can demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'"

Rockville Cars, LLC v. City of Rockville, 891 F.3d 141, 145 (4th Cir. 2018) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Nevertheless, "[a] complaint should not be dismissed pursuant to Rule 12(b)(6) . . . unless it appears to a certainty that the nonmoving party cannot prove any set of facts in support of its claim that would entitle it to relief." Chapman v. Clarendon Nat'l Ins. Co., 299 F. Supp. 2d 559, 562 (E.D. Va. 2004).

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." Rockville Cars, 891 F.3d at 145. However, courts need not "accept as true a legal conclusion couched as a factual allegation." SD3, LLC v. Black & Decker (U.S.) Inc., 801 F.3d 412, 422 (4th Cir. 2015) (quoting Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014)). And, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Although a court's review is generally limited to the allegations in the complaint, where a copy of a written instrument is attached as an exhibit to the complaint or incorporated by reference, the instrument is part of the complaint and a court may consider it. Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166

(4th Cir. 2016); see also Fed. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion.  A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

The predicate for the MOTION TO DISMISS in this case is somewhat confusing.  In the ARGUMENT section, the supporting memorandum begins with the assertion that:

> Ms. Foreman was not acting within the scope of her employment when she engaged in a sexual relationship with Ms. Doe because a) the entirety of the sexual relationship occurred after Ms. Doe was in the VA's custody or control, and, even it were not, b) the VA could not foresee Ms. Foreman's conduct, which was for her own personal interest.

ECF No. 49 at 6-7 (emphasis added).

Before addressing those arguments, however, the memorandum in support of the MOTION TO DISMISS also argues that, because the gravamen of Doe's claim is a sexual assault which falls within the assault and battery exception to the Federal Torts Claim Act ("FTCA"), the United States is immune from plaintiff's claims. ECF No. 49 at 7-8.  It then mentions in passing that intentional torts are excepted from redress under the FTCA.  The memorandum in support of the MOTION TO DISMISS then reverts to the argument that Foreman was not acting within the scope of her employment. Finally, the memorandum in support concludes with the argument

that there is no cause of action for breach of fiduciary duty in a legal malpractice case.   ECF No. 49 at 14.   In sum, the briefing in support of the MOTION TO DISMISS is disjointed and convoluted, thereby making it difficult to analyze.

However, Doe's reply brief, apparently inadvertently, helps to clarify the situation.

To begin, Doe's responsive memorandum in effect concedes that there is but one possible predicate for a legal malpractice claim by arguing that the legal malpractice is the failure to raise a claim for infliction of emotional distress.   Indeed, Doe does not even mention the other three claims that were not raised.   So, the briefing has served to narrow the asserted legal malpractice from four theories to one.

However, the briefing in the case is inadequate to address a more fundamental problem that appears on the face of the Complaint. In particular, although it is obvious that the Complaint seeks to bring a legal malpractice claim under Virginia law, it undertakes that mission by asserting claims for negligence, breach of contract, and breach of fiduciary duty, a construct that is unknown to the Virginia law of legal malpractice.

8

It is settled that, in Virginia, "an action for the negligence of an attorney in the performance of professional services, while sounding in tort, is an action for breach of contract . . . ." Oleyar v. Kerr, 225 S.E.2nd 398, 400 (Va. 1976). Accordingly:

> [u]nder Virginia law, therefore, plaintiffs' breach of contract claim is not separate from their claims for legal malpractice, but is simply a restatement of the same cause of action. By the same token, plaintiffs' breach of fiduciary duty claims are also redundant to their legal malpractice claims because they arise from the same contract.

General Sec. Ins. Co. v. Jordan, Coyne & Savits, LLP, 357 F. Supp. 2d 925, 961-62 (E.D. Va. 2005) (citing O'Connell v. Bean, 556 S.E. 2d 741, 743 (Va. 2002)). In other words, "no matter how the undertaking to exercise ordinary skill and knowledge is characterized, the essential claim is for legal malpractice." See Mallen & Smith, 1 Legal Malpractice § 8.1, at 769-70. Therefore, whether alleged as negligence, breach of contract, or fiduciary duty, the same failure to provide adequate service is the crux of a legal malpractice claim.

When those principles are applied to the Complaint, it is obvious that the FIRST CAUSE OF ACTION (negligence) and the THIRD CAUSE OF ACTION (breach of fiduciary duty) are redundant of the SECOND CAUSE OF ACTION (breach of contract). Accordingly, the FIRST and THIRD CAUSES OF ACTION fail as a matter of law. However, neither the memorandum in support of the MOTION TO DISMISS nor

defendants' reply brief salute this fundamental defect.  It is nonetheless necessary, in the interest of judicial efficiency and economy, that the distinction recognized by Virginia law be applied as this case proceeds forward.

It is also true that to recover in a legal malpractice claim under Virginia law that a plaintiff must prove the so-called "case-within-a-case" to show that absent malpractice of the lawyer, plaintiff would have prevailed in the underlying action.  Whitely v. Chamouris, 574 S.E. 2d 251, 252-53 (Va. 2003).  The memorandum in support of the MOTION TO DISMISS uses that precept to advance the view that Doe was required to prove that "her claim was cognizable under the FTCA, and that the United States District Court for the Southern District of California would have had jurisdiction over the FTCA claims."  ECF No. 49 at 4.  From there, defendants argue that the United States is immune from suit under the doctrine of sovereign immunity unless it consents to be sued; that the United States has not waived sovereign immunity for intentional torts or for acts outside the scope of employment as determined by state law; and that, therefore, the federal court in California lacked jurisdiction.  Id. at 4-5.

The intentional tort argument is then mentioned by citing United States v. Shearer wherein the Supreme Court held that the assault and battery exclusion of the FTCA as presented in 28 U.S.C.

10

§ 2680(h) "does not merely bar claims for assault and battery; in sweeping language it excludes any claim arising out of assault or battery." 473 U.S. 52, 55 (1985). That argument, albeit convoluted, has nonetheless helped shape the issues in the case. That is because in her reply brief Doe now asserts only that the law firm ought to have brought a claim for infliction of intentional distress. ECF No. 54 at 3-4. In so doing, Doe has narrowed her claim to the following:

> here the social worker social worker [Foreman] committed intentional, and/or negligent infliction of emotional distress when the social worker committed sexual misconduct and patient abuse through coercion in exchange for legal help and aid in receiving VA care.

That statement, however, complicates the assessment of the MOTION TO DISMISS because of the assertion that Foreman's conduct was "intentional and/or negligent" in inflicting emotional distress. If, as alleged, the infliction of emotional distress occurred as a direct result of the sexual assault and that was intentional, it would appear that the claim would be barred as an intentional claim for which there is no waiver of immunity. On the other hand, the assertion that the infliction of emotional distress was negligent implies that there might not be immunity. However, neither brief addresses the infliction of emotional distress claim as it currently exists and as it has been presented by the exchange of briefs that has occurred to date.

11

To further complicate the matter, defendants raise the issue of whether Foreman was acting within the scope of her employment under California law.  ECF No. 49 at 5-6, 8-10.  Doe contends that Foreman did act within the scope of her employment when she sexually abused Doe because the conduct was incident of the therapist/patient relationship.  However, the Complaint seems to allege that the sexual abuse occurred at a time when Foreman was not acting incident to the therapist/patient relationship.  In addition, Doe takes the view that infliction of emotional distress occurring in the course of employment is a separate tort from the assault and battery so that infliction of emotional distress during the alleged sexual assault is not excepted under the assault and battery exception to the FTCA.  That issue, as addressed, is very difficult to understand.

As is obvious from the foregoing, the briefing in this case has narrowed the issues, but it has left them in a rather convoluted state.  In particular, it is clear that the only claim that possibly can exist is a breach of contract claim for medical malpractice because RLG and Rawls allegedly did not realize that there was a negligent infliction of emotional distress claim that would not be subject to the damage caps in California law.  That is a discreet issue which is dispositive of the case, and it is impossible to truly analyze the parties' positions on that issue

because of the way the issue has evolved in the course of briefing to date.  The scope of employment issue is likewise so convoluted as to defy analysis.

## CONCLUSION

For the reasons set forth above, the MOTION TO DISMISS (ECF No. 48) will be granted because the Complaint does not state claims for malpractice under Virginia law in the asserted FIRST and THIRD CAUSES OF ACTION.  As to the SECOND CAUSE OF ACTION, the breach of contract claim, the Complaint is confusing as to whether the alleged malpractice is based on intentional or negligent conduct. Thus, the MOTION TO DISMISS is also granted as to the SECOND CAUSE OF ACTION but Doe is granted leave to file an Amended Complaint which reflects the current posture of the case (including the dismissal of the FIRST and THIRD CAUSES OF ACTION) and the recognition that the only possible claim that could form the basis for a legal malpractice claim pertains to negligent infliction of emotional distress.  In that regard, it is unclear what law applies to that claim and what legal principles govern and whether there is a claim for negligent infliction of emotional distress, or whether the claim could only be for intentional infliction of emotional distress.

The Court expects Doe's counsel to examine the applicable law carefully, to assess whether there is a factual or legal basis for any claim, and to file an Amended Complaint if that examination supports doing so.   The Court expects counsel for RLG and Rawls to do likewise in deciding how to respond to the Amended Complaint that is filed.

It is so ORDERED.

_____ /s/   REP_____

Robert E. Payne
Senior United States District Judge


Richmond, Virginia
Date:  March  4 , 2022

14